**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JOANNE ENRIQUEZ,**

      **Plaintiff,**

                                        **Case No.**

**v.**

**MULTICULTURAL EVALUATION &
CONSULTATION ASSOCIATES (MECA), LLC,**

      **Defendant.**

## NOTICE OF REMOVAL

Defendant, by counsel MATTHEW P. HOLT, provides notice of removal of a civil action filed in the Third Judicial District Court for the State of New Mexico, Cause No. D-307-CV-2021-01876, and in support, state the following:

On August 23, 2021, Plaintiff Joanne Enriquez filed a civil action for damages against Defendant in the Third Judicial District Court for the State of New Mexico. The complaint alleges violations of the Fair Labor Standard Act 29 U.S.C. § 211(c).

On August 31, 2021, Defendant accepted service of process of Plaintiff's complaint. Pursuant to 28 U.S.C. section 1446(b)(1), this removal is timely because it has been filed within thirty days of receipt of service of process.

According to 28 U.S.C. section 1331, federal district courts have original jurisdiction of civil actions arising under the United States Constitution. According to 28 U.S.C. section 1441(a), a civil action brought in state court over which a federal district court has original jurisdiction may be removed to the federal district court. Plaintiff's complaint raises a federal question. Therefore, this Court has original jurisdiction and removal is proper.

Pursuant to 28 U.S.C. section 1446(a) and this Court's local rules, Defendants have attached copies of all filings in the state action, which include the complaint (Exhibit A), return of service on summons (Exhibit B), the Plaintiff's recusal of Hon. James T. Martin (Exhibit C), the Third Judicial District Court's Notice of Judge Reassignment to Hon. Manuel I. Arrieta (Exhibit D), Third Judicial District Court's order requiring scheduling reports, a discovery plan, expert witness disclosure, and limiting stipulations to enlarge time for responsive pleadings forms (Exhibit E). Attached also is the Third Judicial District Court Docket (Exhibit F).

WHEREFORE, Defendant respectfully requests this case be removed in its entirety from New Mexico's Third Judicial District Court to this Court for adjudication.

Respectfully submitted,


/s/ Matthew P. Holt_____
MATTHEW P. HOLT
New Mexico Bar No. 1191
P.O. Box 16495
Las Cruces, NM  88004-6495
(575) 649-2493
Matt.holt@attorneyholt.com
*Attorney for Defendant*

## CERTIFICATE OF DELIVERY

I hereby certify that on this 30th day of September 2021, I filed this notice of removal electronically through the CM/ECF system, which caused the following counsel to be served by electronic means.

Jonathan L.R. Baeza
jonathan@martinezlawyers.com
*Attorney for Plaintiff*


/s/ Matthew P. Holt_____
MATTHEW P. HOLT

THIRD JUDICIAL DISTRICT
STATE OF NEW MEXICO
DONA ANA COUNTY, NEW MEXICO

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
8/23/2021 2:46 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Yessenia J. Canales

JOANNE ENRIQUEZ,

     Plaintiff,

vs.

No. CV- D-307-CV-2021-01876

Judge ___ Martin, James T.___

MULTICLUTURAL EVALUATION &
CONSULTATION ASSOCIATES (MECA), LLC,

     Defendant.

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE COURT:

     NOW COMES, Plaintiff JOANNE ENRIQUEZ (hereinafter "Plaintiff" or "Enriquez"), in the above entitled and numbered cause, and hereby files this his First Amended Complaint, against MULTICLUTURAL EVALUATION & CONSULTATION ASSOCIATES (MECA), LLC (hereinafter referred to as "MECA"). The causes of action and summary of claims relating thereto are addressed below:

## I.
## NATURE OF SUIT

     1.    The Fair Labor Standards act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323

---

EXHIBIT A

YJC

U.S. 37, 40 (1944) (discussing requirements of 29 U.S.C. § 207 (a)).

2.        MECA violated the FLSA by failing to pay Plaintiff at time and one-half her regular rate of pay for all hours worked within a workweek in excess of forty hours.

3.        Plaintiff is a non-exempt employee who has been denied overtime compensation owed to her as required by the law.   Plaintiff filed this petition to recover unpaid overtime compensation owed to him.

## II.
## PARTIES, JURISDICTION AND VENUE

4.        Plaintiff is currently a citizen and resident of Dona Ana County, New Mexico

5.        Defendant   MULTICULTURAL   EVALUATION   &   CONSULTATION ASSOCIATES (MECA), LLC is a New Mexico company doing business in Las Cruces, New Mexico and may be served with process by serving its registered agent, JEFFREY P. FLORES or any other officer or agent therein at 1289 Willow St., Las Cruces, New Mexico 88001, or wherever he or she may be found.

6.        The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343.  Venue exists in this district and division as detailed in 28 U.S.C. §1391.

7.        All of the acts alleged herein occurred in Dona Ana County, New Mexico.

## III.
## FACTUAL BACKGROUND

8.        On or about November 4, 2013, Defendant hired Plaintiff as a Certified Occupational Therapy Assistant (COTA).

9.        MECA is State and Federally funded by the New Mexico Family Infant Toddler Program (NM FIT) that provides services to families and their children including speech therapy, occupational therapy, and physical therapy.  Client services are almost always paid by the client's

insurers or through Medicaid.

10.      MECA is engaged in interstate commerce.

11.      During the time Plaintiff was employed by MECA, she worked additional hours on a weekly basis without compensation at the instruction of or with MECA's knowledge.  Plaintiff was required to work either "off the clock" or more than forty (40) hours in one week.  MECA was aware that Plaintiff was working "off the clock" and/or overtime, yet did not pay all necessary extra wages for this effort.

12.      Plaintiff worked after hours or through lunch without pay.

13.      MECA did not adequately keep track of Plaintiff's work hours even though Plaintiff was a non-exempt employee for overtime purposes as outlined under the Fair Labor Standards Act , 29 U.S.C. §§ 201 *et. seq* ("FLSA").

14.      Plaintiff's position with MECA was not exempt from overtime under the FLSA.

15.      Plaintiff notified MECA that she was working off the clock when she sent emails after hours to her supervisors or informed her supervisors that she needed to stay late in order to complete her work.

16.      Plaintiff's supervisor Terry Berridge told Plaintiff that she had to limit her timesheets to 5:00 p.m., even if she worked later.

17.      Finally, Plaintiff complained to her supervisors about working after hours and stated she could no longer do so.

18.      Plaintiff worked over 40 hours and was not paid overtime between September 2017 through December 2019.   Between September 2017 to September 2018, Plaintiff worked approximately five hours of overtime per week, unpaid.  Between September 2018 to December 2019, Plaintiff worked approximately 10 hours of overtime per week.

## IV.
## CAUSES OF ACTION

A.     FAIR LABOR STANDARDS ACT VIOLATIONS BY DEFENDANTS

19.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 18 as if fully stated herein.

20.     Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the FLSA.

21.     MECA is an "employer" as defined by the FLSA in 29 U.S.C. § 203(d

22.     MECA is an "enterprise" within the meaning of 29 U.S.C. § 203(r), and an "[e]nterprise engaged in commerce or in the production of goods for commerce" as defined by the FLSA in 29 U.S.C. § 203(s)(1).

23.     While employed by MECA, Plaintiff was entitled to payment of one and one half times her regular rate of pay for all hours worked over forty hours in one week, as provided for under 29 U.S.C. § 207.

24.     MECA failed to properly log Plaintiff's work hours, or pay for all overtime hours worked at a rate of one and one half times.  As a result, during the Plaintiff's employment with MECA, she worked numerous overtime hours for which she was not properly compensated.  For purposes of the FLSA, while employed by MECA, Plaintiff was improperly classified as "exempt" from payment of overtime.

25.     As a result of MECA's violations of the FLSA, Plaintiff has suffered actual damages in the form of lost wages, in an amount that has not yet been fully established, but which can be estimated for the purpose of bringing this lawsuit.

26.     MECA committed a willful violation of the FLSA in that MECA were aware that its conduct and pay practices violated the Fair Labor Standards Act.

27.     MECA failed to maintain accurate records of the hours worked of Plaintiff; thus, MECA violated 29 U.S.C. § 211(c).

28.     As a result of these violations, Plaintiff requests that she be awarded all damages, to which she is entitled, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest.  In addition, Plaintiff requests liquidated damages equal to the amount of reimbursable compensation described above. Plaintiff also requests any additional equitable relief to which she is entitled.

## V.
## DAMAGES

29.     Plaintiff sues for actual damages proximately caused or otherwise produced by MECA's conduct.

30.     During the period of the Plaintiff's employment with MECA, Plaintiff worked greater than 40 hours per week because she would work off the during lunch and after hours.  The payment made to Plaintiff did not take into account overtime compensation prescribed by law, in that the plaintiff was and is entitled payment in accordance with the Fair Labor Standards Act, Title 29, Sections 206 and 207, of the United States Code. Therefore, the plaintiff seeks judgment against MECA.  In addition, plaintiff is entitled to recover an equal sum as liquidated damages.

## VI.
## ATTORNEY'S FEES

31.     It is necessary for the Plaintiff to have the services of an attorney to institute and prosecute this action against MECA. The Plaintiff is entitled to recover attorney's fees to compensate the Plaintiff for attorney's fees, which is a reasonable charge for the services rendered in bringing this action.

## VII.
## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that MECA be cited to appear and answer, and that on final

trial, Plaintiff have judgment against MECA as follows:

a.    Judgment against MECA for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), amount to be determined;

b.    Compensation for all hours worked at a rate not less than the applicable minimum wage;

c.    Overtime and "off the clock" compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times their regular rate;

d.    All unpaid wages and overtime compensation;

e.    Judgment against MECA for liquidated damages for the maximum amount allowed by law; including doubling of all back pay awarded

f.    Pre-judgment and post-judgment interest at the maximum amount allowed by law;

g.    Costs of suit, including reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

h.    The award of such and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

i.    An order that MECA take such other and further actions as may be necessary to redress MECA's violations of the FLSA;

j.    Pre-judgment and post-judgment interest at the maximum amount allowed by law;

Respectfully submitted,

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
*Attorneys for Plaintiff*
2110 E. Yandell Dr.
El Paso, Texas 79903
(915) 541-1000
(915) 541-1002 (Facsimile)

*/s/ Jonathan L.R. Baeza*
**JONATHAN L.R. BAEZA**
State Bar No. 148953
jonathan@martinezlawyers.com

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
9/7/2021 10:00 AM
~~DAVID S. BORUNDA~~
CLERK OF THE COURT
Gloria Moreno

D-307-CV-2021-01876

## SUMMONS

| District Court: **THIRD DONA ANA** County, New Mexico<br>Court Address: **201 W. Picacho Ave./ Las Cruces, New Mexico 88005**<br>Court Telephone Number.: **575-523-8200** | Case Number: D-307-CV-2021-01876<br><br>Judge: Manuel I. Arrieta |
|---|---|
| Plaintiff(s): **Joanne Enriquez**<br>vs.<br>Defendant(s): **Multicultural Evaluation & Consultation Associates (MECA), LLC** | Defendant(s):<br>**Mulitcultural Evaluation & Consultation Associates (MECA), LLC**<br>Jeffrey P. Flores<br>1289 Willow St.<br>Las Cruces, NM 88001 |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.   A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.   You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.   You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.   If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.   You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.   If you need an interpreter, you must ask for one in writing.

7.   You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at ___Las Cruces_____, New Mexico, this __26__ day of __August_____, 20_21_.

David S. Borunda
CLERK OF COURT

By: _Gloria Moreno_____
Deputy Gloria Moreno

*[Court seal: DISTRICT COURT • D.C. SEAL • DONA ANA COUNTY]*

## EXHIBIT B

Attorney for Plaintiff
**Jonathan L.R. Baeza**
*Martinez & Martinez Law Firm, PLLC*
*2110 E. Yandell Dr.*
*El Paso, Texas  79903*
*Phone: 915-541-1000*
*Fax: 915-541-10002*
*Email: jonathan@martinezlawyers.com*

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]      D-307-CV-2021-01876

STATE OF                          )
                                  )ss
COUNTY OF                         )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to
this lawsuit, and that I served this summons in *Dona Ana* county on the *31* day of
*August* *2021*, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

(***check one box and fill in appropriate blanks***)

[ ]    to the defendant _____ (*used when defendant accepts a copy of
summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used
when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of
complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at
the usual place of abode of defendant _____, (*used when the defendant is not
presently at place of abode*) and by mailing by first class mail to the defendant at
_____ (*insert defendant's last known mailing address*) a copy of the summons
and complaint.

[ ]    to _____, the person apparently in charge at the actual place of
business or employment of the defendant and by mailing by first class mail to the defendant at
_____ (*insert defendant's business address*) and by mailing the summons
and complaint by first class mail to the defendant at _____ (*insert defendant's
last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for

defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _31_ day of _AUGUST_, _2021_.[2]

_____
Judge, notary or other officer
authorized to administer oaths

NOTARY PUBLIC
Official title

ARMANDO JUAREZ
Notary Public, State of Texas
Comm. Expires 06-01-2025
Notary ID 126900291

## USE NOTE

1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
8/24/2021 10:42 AM
DAVID S. BORUNDA
CLERK OF THE COURT
Adilene Melendez

THIRD JUDICIAL DISTRICT
STATE OF NEW MEXICO
DONA ANA COUNTY, NEW MEXICO

JOANNE ENRIQUEZ,

     Plaintiff,

vs.

MULTICLUTURAL EVALUATION &
CONSULUTATION ASSOCIATES (MECA), LLC,

     Defendant.

No. D-307-CV-2021-01876
Judge James T. Martin

## JUDGE RECUSAL

Plaintiff Joanne Enriquez by and through her attorneys of record, and pursuant to Rule 1-088.1 NMRA, hereby exercises its peremptory right to excuse the Honorable Judge James T. Martin from hearing the above-captioned case and notifies the Court and counsel of record of its exercise of that right.

Respectfully submitted,

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
*Attorneys for Plaintiff*
2110 E. Yandell Dr.
El Paso, Texas 79903
(915) 541-1000
(915) 541-1002 (Facsimile)
jonathan@martinezlawyers.com

By:   */s/ Jonathan L.R. Baeza*
       **JONATHAN L.R. BAEZA**
       New Mexico State Bar No. 148953

1

# EXHIBIT C

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
8/24/2021 1:34 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Adilene Melendez

**STATE OF NEW MEXICO**
**DONA ANA COUNTY**
**THIRD JUDICIAL DISTRICT COURT**

**JOANNE ENRIQUEZ**
  **V.**
**MULTICULTURAL EVALUATION & CONSULTATION**
**ASSOCIATES (MECA), LLC**                                    **No. D-307-CV-2021-01876**

### NOTICE OF JUDGE REASSIGNMENT

The above referenced case has been reassigned to the Honorable Manuel I. Arrieta, District Judge, Third

Judicial District. This reassignment is effective 8/24/2021.

DAVID S. BORUNDA
CLERK OF THE DISTRICT COURT

By: _Adilene Melendez_
    ADILENE MELENDEZ
    JUDICIAL SPECIALIST II

### CERTIFICATE OF SERVICE

I, the undersigned Employee of the District Court of Dona Ana County, New Mexico, do hereby certify

that I served a copy of this document to all parties listed below on 8/24/2021.

Jonathan L.R. Baeza                          Attn Martinez & Martinez Law Firm Pllc
                                             730 E Yandell Dr
                                             El Paso Tx  79902
Multicultural Evaluation & Consultation      1289 Willow St
Associates (MECA), LLC                       Las Cruces Nm  88001

By: _Adilene Melendez_

# EXHIBIT D

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
8/24/2021 12:53 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Adilene Melendez

**STATE OF NEW MEXICO**
**COUNTY OF DONA ANA**
**THIRD JUDICIAL DISTRICT COURT**

**JOANNE ENRIQUEZ,**

                    Plaintiff,

VS.                                                         **Case No:  D-307-CV-2021-01876**

                                                            **Judge: Martin, James T.**

**MULTICULTURAL EVALUATION &**
**CONSULTATION ASSOCIATES (MECA),**
**LLC,**

                    Defendant.

ORDER REQUIRING SCHEDULING REPORTS,
A DISCOVERY PLAN, EXPERT WITNESS DISCLOSURE,
AND LIMITING STIPULATIONS TO ENLARGE TIME
FOR RESPONSIVE PLEADINGS

IT IS SO ORDERED:

A.    Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file

       a certificate of such service. Parties other than plaintiffs who assert claims against others who have

       not been served with this order shall serve a copy of this order on those against whom they assert

       claims with the pleading asserting such claims and shall file a certificate of such service.

B.    Within sixty (60) calendar days after the initial pleading is filed, parties of record shall file a

       scheduling report with copies to opposing parties and the assigned judge. Parties shall confer and

       are encouraged to file a Joint Scheduling Report, LR3-Form 2.12 NMRA for Track A or LR3-Form

       2.13 for Tracks B and C, or, if they cannot agree, file an individual Scheduling Report, LR3-Form

       2.13 NMRA. *See* copies of forms attached hereto.

C.    Any party who enters an appearance in the case more than sixty (60) calendar days after the filing

       of the initial pleading shall file a scheduling report within ten (10) business days and deliver a copy

       to the assigned judge.

**EXHIBIT E**

AMM

D.      If all parties are not of record within sixty (60) calendar days of the filing of the initial pleading,
        the party making claims against the absent parties *(Plaintiff for Defendants, Third-Party Plaintiffs
        for Third-Party Defendants, etc.)* shall, within five (5) business days after the sixtieth (60ᵗʰ) day,
        file and serve parties of record and deliver to the assigned judge, a written explanation why the case
        is not at issue and how much time is needed before the case will be at issue. The notice shall be
        titled "Delay in Putting the Matter at Issue."

E.      Counsel or parties who do not have attorneys may not stipulate to an enlargement of time greater
        than fourteen (14) calendar days for the filing of a responsive pleading without a motion and order.
        The motion shall state with particularity the reason(s) an enlargement is in the best interests of the
        parties. A copy of the motion and stipulation shall be delivered to all parties as well as counsel. The
        enlargement requested shall be for a specified time.

F.      When all parties have been joined and the case is at issue, the parties shall immediately notify in
        writing the assigned judge and the alternative dispute resolution coordinator.

G.      If appropriate, the court will refer this matter to settlement facilitation under Part VI of the Local
        Rules of the Third Judicial District Court.

H.      Within seventy-five (75) calendar days from the date the initial pleading is filed, or fifteen (15)
        calendar days after the parties alert the Court that the case is at issue, the parties shall either:

        (1)     stipulate to a discovery plan and file the stipulation with the court, or

        (2)     request a hearing to establish a discovery plan pursuant to Paragraph F of Rule 1-026
                NMRA.

        (3)     In the absence of a stipulated discovery plan or a timely request from a party for a hearing
                to establish a discovery plan, the following plan shall go into effect:
                Within one hundred (I 00) calendar days after the initial pleading was filed or fifteen (15)
                calendar days after a party has entered the suit, whichever is the later date, each party shall
                provide to all other parties:

                a.      The name and, if known, the address and telephone number of each individual
                        likely to have discoverable information relevant to disputed issues raised by the
                        pleadings, identifying the subjects of the information;

b.     A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed issues raised by the pleadings;

c.     A computation of any category of damages claimed by the disclosing party, providing copies or making available for inspection and copying the documents or other evidentiary materials and medical records and opinions, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

d.     For inspection and copying, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

e.     If the medical condition of a party is at issue, such party shall give a medical release authorization to opposing parties. The parties shall confer regarding the nature and extent of the release and stipulate, if possible. If the parties cannot agree, each party shall file a memorandum with a proposed medical release authorization advocating that party's proposed form to the court. A copy of the memorandum and proposed form shall be delivered to the assigned judge. Rule 1-007.1 NIMRA shall apply.

I.     Pursuant to Rule 1-026(E) NMRA, parties shall reasonably supplement discovery required in Subparagraphs (3)(a) through (e) of Paragraph H of this Order.

J.     Intent to Call Expert Witness - Disclosure. All parties shall exchange a "Notice of Intent to Call Expert Witness(es)" listing the names, addresses and phone numbers for all anticipated experts, including a brief summary of the subject matter of each witness' testimony. If an expert has not yet been identified by a party, the parties must list the specialized area(s) in which an expert is anticipated to be retained and a brief summary of the areas or issues on which the expert is expected to testify.

With respect to each expert listed, all parties are to observe their continuing duty to timely supplement discovery and shall further abide by the requirements of Section 8 of the attachment to the Rule 16(B) Scheduling Order.

DISTRICT COURT JUDGE
**James T. Martin**

Delivered to Plaintiff on **August 24, 2021.**



David S. Borunda
Clerk of the District Court

Deputy/ Judicial Specialist II

LR3-Form 2.12

Supreme Court Approved
August 6, 2004

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRDJUDICIAL DISTRICT COURT

Plaintiff

vs.

NO.: D-307-CV
Judge:

Defendant

JOINT SCHEDULING REPORT STIPULATING TO TRACK A

Come now all the parties to this case, (by their counsel of record) and stipulate as

follows:

1   The court has subject matter and personal jurisdiction, and venue is proper.

2   This case is appropriate for assignment to Track A

3   The parties do not intend to amend the pleadings or file dispositive motions

4   All parties will be ready for trial *by_____(no more than six (6) months from*

   *filing of complaint)*

5   Witness lists will be exchanged and filed forty-five (45) days before trial

6   Discovery limited to interrogatories, requests for production and admission and no more

   than two (2) depositions per party.

7   All parties and counsel will either (a) select a facilitator by agreement of the parties, or

   (b) request the court's ADR coordinator to select a facilitator and will engage in a

   settlement conference within ninety (90) days from the date of the filing of the complaint.

   The parties may move for enlargement of time for the settlement conference for good

   cause shown The parties shall share the facilitator's fee, if any, equally.

8. Exhibits: exchanged at least fifteen (15) days before trial.

This Gury____   6 ___     12 nonjury ___   ) matter will take_____hours to try.

9. Conflicting court hearings (or other conflicts which show good cause for not setting trial)

for two (2) months following the date the matter is ready for trial:

_____

_____

10. Other: _____

SUBMITTED BY:

Name of party: _____
Attorney: _____
Address: _____
_____
Telephone Number _____


Name of party: _____
Attorney: _____
Address: _____
_____
Telephone Number _____


## CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each
party or each party's attorney on the____   day of _____,20 ___   _

_____
Signature

LR3-Form 2.13. (_____'s) Goint) scheduling report.

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

, Plaintiff

vs.

NO.: D-307-CV
Judge:

, Defendant

(_____'S) (JOINT) SCHEDULING REPORT

1. This case should be assigned to Track_____

2. Jurisdiction and Venue:_____Stipulated;_____Disputed;
    Why:_____

3              NonJury;              6-personjury;_____12-person jury.

4. Significant legal issues, if any:  _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
   _____

5.  Trial witnesses presently known (defendant's, plaintiffs, etc.):  _____
    State expert type: _____

6. Settlement
          _____[I] [We] have sufficient information to evaluate the case.  ·
          _____[I] [WeJhave provided sufficient information for opposing parties to evaluate
    the case.
          _____[I][We] need the following information from_____to evaluate the
    case:  _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
    _____

          _____   [I] [We] need the following discovery to obtain information sufficient to
    evaluate the case:
                                            Explain why such information
    cannot be obtained informally without formal discovery:
    _____

          _____[I] [We] have scheduled a settlement conference on _____,20___  _
    with_____(facilitator) or have requested the court's ADR
    coordinator to refer to facilitation.
                                     Or
          ____   [I] [We] request that this not be referred to facilitation because:
    _____
    The possibility of settlement is _ _ good,_____fair,_____poor.

· 7. Discovery:

[I] [We] estimate it will take_____months to complete discovery. *(Attach discovery plan if stipulated, or request for setting a discovery conference if wanted)* If any party requests a discovery conference, answer the following:

The party submitting this scheduling report intends to do the following discovery:

_____

*(If this is a joint scheduling report, each party shall answer this question.)*
[Plaintiff] [Defendant] intends to do the following discovery:

_____

_____
8. [I] [We] estimate that trial will take    court days to try-
9. Dates counsel will not be available for trial due to the following conflicting court settings *(beginning with the date immediately following the time you estimate discovery will be completed).*_____
10. Stipulations:   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
1 l. Other:

_____


SUBMITTED BY:

Name of party:         _____
Attorney:              _____
Address:               _____
                       _____
Telephone Number       _____


Name of party:         _____
Attorney:              _____
Address:               _____
                       _____
Telephone Number       _____


CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each party or each party's attorney on the___  day of_____20_____   _

                       _____
                       Signature

D-307-CV-202101876 - Wednesday, September 29, 2021

## Joanne Enriquez

v.

## Multicultural  Evaluation & Consultation Associates (MECA), LLC

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT |
|---|---|---|---|
| D-307-CV-202101876 | Arrieta, Manuel I. | 08/23/2021 | LAS CRUCES  District |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | PARTY # | PARTY NAME |
|---|---|---|---|
| D | Defendant | 1 | MULTICULTURAL  EVALUATION & CONSULTATION ASSOCIATES (MECA), |
| P | Plaintiff | 1 | ENRIQUEZ JOANNE |
| | ATTORNEY: BAEZA JONATHAN L.R. | | |

## CIVIL COMPLAINT DETAIL

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 08/23/2021 | 1 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Wage and Hours Claim |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 08/23/2021 | 2 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Fair Labor Standards Act |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 09/07/2021 | SUMMONS RETURN | | P | 1 | |
| | Summons Return: Summons and Complaint were served to Mulitcultural Evaluation & Consulation Associates on 8/31/2021 | | | | |
| 08/26/2021 | | | | | |
| 08/24/2021 | JDG: NOTICE OF JUDGE ASSIGNMENT | | | | |
| | Notice of Judge Re-Assignment: Case Assigned to Judge Manuel Arrieta | | | | |
| 08/24/2021 | DCM (Differentiated Case Management)  Scheduling Order | | P | 1 | |
| | Order requiring scheduling reports, a discovery plan, expert witness disclosure, and limiting stipulations to enlarge time for responsive pleadings | | | | |
| 08/24/2021 | JDG: JUDGE EXCUSAL/PEREMPTORY CHALLENGE | | P | 1 | |
| | Judge Recusal | | | | |
| 08/23/2021 | OPN: COMPLAINT | | | | |
| | Plaintiff's Original Complaint | | | | |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|
| 08/23/2021 | Martin, James T. | 1 | INITIAL ASSIGNMENT |
| 08/24/2021 | Arrieta, Manuel I. | 2 | Judge Peremptory Excusal |

Page 1

## EXHIBIT F

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Joanne Enriquez

**DEFENDANTS**

Multicultural Evaluation & Consultation Associates, LLC

**(b)** County of Residence of First Listed Plaintiff   Dona Ana
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dona Ana
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Jonathan L.R. Baeza, 2110 E. Yandell Dr.,
El Paso, TX 79903, (915) 541-1000

Attorneys *(If Known)*

Matthew P. Holt, P.O. Box 16495, Las Cruces, NM
88004-6495, (575) 649-2493

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
  Plaintiff
- [x] 3  Federal Question
  *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government
  Defendant
- [ ] 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [x] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U. S. C. Section 211(c)

Brief description of cause:
Alleged violation of Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                DOCKET NUMBER

DATE

September 30, 2021

SIGNATURE OF ATTORNEY OF RECORD

/s/ Matthew P. Holt

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE